UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>    **LA. DOC #424229**<br>**VS.** | **CIVIL ACTION NO. 6:13-2194**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **UNIVERSITY OF LOUISIANA**<br>  **AT LAFAYETTE** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 1, 2013. Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate"). Lavergne names the University of Louisiana at Lafayette ("ULL") as the sole defendant.

Lavergne alleges that his constitutional rights were violated when the University of Louisiana at Lafayette allowed Campus Police Lieutenant Michael Louviere to take a statement from Claire Gianfala, related to the Shunick murder investigation, at her parents' home in Church Point, Louisiana. Lavergne complains that Campus Police did not have jurisdiction to obtain the statement, that the statement was false and that

Lieutenant Louviere failed to investigate the veracity of the statement. Laverge alleges that the statement constituted libel and slander and was obtained in violation of his constitutional rights because the statement "was being used as evidence in a capital murder case." By this action, Lavergne seeks punitive damages from ULL.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count. In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count. Lavergne did not directly appeal his convictions or sentences. Post-Conviction relief has not been granted.[1] Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

## I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

---

[1]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

## II. *Heck v. Humphrey*

Lavergne seeks monetary damages from ULL for obtaining a statement from a witness that was used in the Pate murder investigation, which resulted in his conviction for the murder of Michaela Shunick and Lisa Pate, for which he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Lavergne's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the convictions and sentences imposed therein. Lavergne does not contend that his murder convictions or his life sentences have been reversed, expunged, or declared invalid. To the contrary, Lavergne admits that he is currently serving his sentences for these convictions. Moreover, there is no jurisprudence

establishing that these convictions have been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Lavergne argues that his murder convictions and resulting sentences are invalid and unconstitutional, Lavergne stands convicted, and his convictions were, in part, the result of the alleged complained of illegal and unconstitutional actions of the defendant.  Thus, it is clear that if this court were to grant Lavergne the damages he seeks, that ruling would necessarily implicate the validity of Lavergne's convictions and sentences.  Accordingly, Lavergne's claims, which are directed at the validity of his criminal prosecution and resulting convictions and sentences, are barred by *Heck*.  The claims are not cognizable under 42 U.S.C. § 1983 at this time. These claims must therefore be dismissed with prejudice for failure to state cognizable claims.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### III.  Eleventh Amendment Immunity

Despite the applicability of *Heck*, a district court may appropriately consider the possible applicability of Eleventh Amendment immunity.  *See McGrew v. Tex. Bd. of Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

Lavergne's claim against ULL are barred by the Eleventh Amendment.  The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit. *Pennhurst State School & Hospital et al v. Halderman et al.*, 465 U.S. 89, 100 (1984);  *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) *citing Hans v. Louisiana*, 134

U.S. 1, 13–16 (1890); *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280–81 (5th Cir.2002). Congress did not abrogate the states Eleventh Amendment immunity by enacting §1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Moreover, Louisiana has not waived sovereign immunity. La. R.S. 13:5106(A) (prohibiting suits against the State in any court other than a Louisiana state court); *Champagne*, 188 F.3d at 314 citing LSA R.S. 13:5106.

State agencies that are considered arms of the State are entitled to Eleventh Amendment immunity from state law and § 1983 lawsuits in federal court. *Richardson v. Southern University*, 118 F.3d 450 452-453 (5th Cir. 1997). The University of Louisiana at Lafayette is considered an arm of the State entitled to Eleventh Amendment immunity. *Laxey v. Louisiana Bd. of Trustees,* 22 F.3d 621, 623 (5th Cir. 1994) (finding USL, the former name of ULL, immune from suit for damages under the Eleventh Amendment)*; Delahoussaye v. City of New Iberia,* 937 F.2d 144, 147-148 (5th Cir. 1991) *citing* La.R.S. 17:3217 (same). *See also Richardson,* 118 F.3d at 454-456; *Raj v. Louisiana State University*, 714 F.3d 322, 328-329 (5th Cir. 2013); *Jackson v. Louisiana Tech University*, 2011 WL 6749014, *17-18 (W.D. La. 2011); *Crockett v. Roberts*, 2010 WL 1254656, *4 (E.D. La. 2010).[2]

Accordingly, Lavergne's claims against ULL must be dismissed for failing to state a claim upon which relief may be granted and as seeking monetary damages from a

---

[2]Furthermore, ULL is not a "person" subject to suit under 42 U.S.C. § 1983. *Laxey*, 22 F.3d at 623 fn. 2 *citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

defendant that is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

## IV.  State Law Claims

To the extent that Lavergne's allegations may be construed as asserting claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[3]

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001).  Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.  *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).  However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed.  Accordingly, no federal question will remain before this court.  Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any

---

[3]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking.  For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required.  Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.  *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing  Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).  In sum "[i]ncomplete diversity destroys original jurisdiction with respect to all claims" in the action.  *Id.* at 2618.  Here, both Lavergne and the University of Louisiana at Lafayette are Louisiana citizens.  Accordingly, complete diversity is lacking.

state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above;

**IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Alternatively, **IT IS RECOMMENDED** that Lavergne's civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) for failure to state a claim upon which relief can be granted and because the University of Louisiana at Lafayette is considered an arm of the State entitled to Eleventh Amendment immunity from suit for monetary damages.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE